IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALLEN ROBERT SCOTT,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-448-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Allen Robert Scott, TDCJ-ID No. 830472, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Marquez, Texas.

Respondent Douglas Dretke is the Director of TDCJ.

C.  **PROCEDURAL HISTORY**

On January 25, 1993, in the 355th Judicial District Court in Hood County, Texas, Scott was placed on five years' deferred adjudication community supervision for the offense of indecency with a child by contact. (State Habeas R. at 57.)[1] On January 16, 1998, the trial court entered an order extending Scott's community supervision for one year, or until January 24, 1999. (Id. at 61.) Later, the state moved to proceed with an adjudication of guilt, alleging various violations of Scott's deferred adjudication community supervision. (Id. at 62-66.) On June 30, 1998, the trial court adjudicated Scott's guilt for the offense and sentenced him to ten years' imprisonment. (Id. at 81.) Thereafter, Scott did not seek direct review of his conviction or sentence, but he did pursue postconviction state and federal habeas review to no avail. *Ex parte Scott*, State Application No. 54,885-01, at cover; *Scott v. Dretke*, Civil Action No. 4:03-CV-0844-Y; *Scott v. Dretke*, No. 04-10135 (5th Cir. June 23, 2004) (order denying COA). This petition was filed on July 5, 2005.[2] Dretke has filed a motion to dismiss the petition as an unauthorized successive petition under 28 U.S.C. § 2244(b).

D.  **SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

---

[1]Citation to "State Habeas R." in these findings refers to the record of Scott's state habeas proceeding in Application No. 54,885-01 filed in his previous federal habeas action in *Scott v. Dretke*, Civil Action No. 4:03-CV-0844-Y.

[2]A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).  Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Scoot entitles his petition a "Successive Petition for a Writ of Habeas Corpus" and acknowledges that none of the grounds presented are presented for the first time in this petition and were raised in his previously filed federal petition. (Petition at 1, 11.) He does not, however, assert, nor does the record reflect, that he has moved and the Fifth Circuit Court of Appeals has issued an order authorizing this Court to consider the petition as required by 28 U.S.C. § 2244(b)(3). This Court is, therefore, without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Dretke's motion to dismiss be GRANTED and that Scott's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 6, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 6, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 15, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE